```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT
```

UNITED STATES OF AMERICA    :
                            :  Crim. No.
     v.                     :
                            :  VIOLATIONS: 18 U.S.C. § 1349
OKPAKO MIKE DIAMREYAN,      :  (Conspiracy to commit wire fraud);
                            :  18 U.S.C. §§ 1343 & 2 (Wire fraud)
          Defendant.        :

## **I N D I C T M E N T**

The Grand Jury charges that, at all times relevant to this Indictment:

### COUNT ONE
### (Conspiracy to Commit Wire Fraud)

1. OKPAKO MIKE DIAMREYAN, the defendant, was a citizen of Nigeria who resided at times in Accra, Ghana.

<u>Background</u>

2. An "advance fee" scam is a scheme to defraud in which one or more perpetrators persuade a victim to pay a sum of money, <u>i.e.</u>, the advance fee, in order to obtain a larger sum of money. The victim never actually receives the larger sum of money.

3. From in or about February 2006 through in or about June 2007, in the District of Connecticut and elsewhere, OKPAKO MIKE DIAMREYAN, the defendant, and others known and unknown to the grand jury, conspired to defraud an individual in Connecticut, whose identity is known to the grand jury and who is

hereafter referred to as "I-1," through an advance fee scam. Specifically, I-1 was persuaded by the conspirators, through a series of email messages, that he was the beneficiary of a purported $20 million oil contract.  I-1 was further persuaded, through email messages and telephone calls, to transfer money on multiple occasions to individuals in the United States and overseas to pay for purported fees associated with securing the $20 million oil contract.

Object of the Conspiracy

       4.   From in or about February 2006 through in or about June 2007, in the District of Connecticut and elsewhere, OKPAKO MIKE DIAMREYAN, the defendant, and others known and unknown to the grand jury, knowingly did conspire, combine, confederate, and agree to commit an offense against the United States, to wit:

       a.   having devised, and intending to devise, a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, a writing, sign, signal, and sound for the purpose of executing, and attempting to execute, such scheme and artifice, in violation of Title 18, United States Code, Sections 1343 and 1349.

Manner and Means of the Conspiracy

5. It was a part of the conspiracy that OKPAKO MIKE DIAMREYAN, the defendant, and others known and unknown to the grand jury:

    a. sent email messages to I-1 containing false and fraudulent representations concerning a purported $20 million oil contract;

    b. sent email messages to I-1 containing false and fraudulent representations concerning advance fees that had to be paid by I-1 to secure the benefits of the purported $20 million oil contract; and

    c. caused I-1 to transfer money to them on numerous occasions, both directly and indirectly through intermediaries in the United States, to pay for the purported advance fees.

Overt Acts

6. In furtherance of the conspiracy, and in order to effectuate the object thereof, OKPAKO MIKE DIAMREYAN, the defendant, and others known and unknown to the grand jury, committed the following overt acts, among others, within the District of Connecticut and elsewhere:

    a. On or about August 19, 2006, DIAMREYAN made a telephone call from Ghana to I-1 in Connecticut.

   b. On or about August 20, 2006, a co-conspirator purporting to be "Inspector Kofi" of the "Accra-Ghana Police" sent an email message to I-1, instructing I-1 to transmit $500 to "Mike Okpako" in order to "process . . . the document."

   c. On or about August 22, 2006, DIAMREYAN received $50 sent by I-1 via Western Union.

   d. On or about August 28, 2006, DIAMREYAN instructed an individual in Massachusetts, whose identity is known to the grand jury, to receive $100 sent by I-1 via Western Union.

 All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO TO FOUR
## (Wire Fraud)

7.   Each allegation set forth in paragraphs 1 through 3 is incorporated as if fully set forth herein.

<u>The Scheme and Artifice to Defraud</u>

8.   From in or about February 2006 through in or about June 2007, in the District of Connecticut and elsewhere, OKPAKO MIKE DIAMREYAN, the defendant, and others known and unknown to the grand jury, devised a scheme and artifice to defraud, and for obtaining money by means of materially false and fraudulent pretenses, representations, and promises; to wit, DIAMREYAN and his co-conspirators made false and fraudulent representations to I-1 to persuade I-1 to pay them various advance fees in connection with a purported $20 million oil contract.

<u>The Wire Communications</u>

9.   In or about August 2006, in the District of Connecticut and elsewhere, MIKE OKPAKO DIAMREYAN, the defendant, and others known and unknown to the grand jury, for the purpose of executing the scheme and artifice, did transmit and cause to be transmitted in interstate and foreign commerce, by means of a wire communication, the following writings, signs, signals, and

sounds, each enumerated wire communication constituting a separate count of the Indictment:

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| TWO | Aug. 19, 2006 | Telephone call from DIAMREYAN in Ghana to I-1 in Connecticut |
| THREE | Aug. 22, 2006 | Wire transfer of $50 via Western Union from I-1 in Connecticut to DIAMREYAN in Ghana |
| FOUR | Aug. 26, 2006 | Wire transfer of $100 via Western Union from I-1 in Connecticut to an individual in Massachusetts, whose identity is known to the grand jury |

All in violation of Title 18, United States Code, Section 1343 and 2.

**FORFEITURE ALLEGATION**

10. Upon conviction of one or more of the wire fraud offenses alleged in Counts One through Four of this Indictment, OKPAKO MIKE DIAMREYAN, the defendant, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 1343 or 1349, and a sum of money equal to the total amount of proceeds obtained as a result of the offenses.

11. If any of the above-described forfeitable property, as a result of any act or omission of the OKPAKO MIKE DIAMREYAN, the defendant, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek

forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

All in accordance with 18 U.S.C. § 981(a)(1), as incorporated by 28 U.S.C. § 2461(c), and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

/s/
_____
FOREPERSON

UNITED STATES OF AMERICA

/s/ Nora R. Dannehy
NORA R. DANNEHY
UNITED STATES ATTORNEY

/s/ Anthony E. Kaplan
ANTHONY E. KAPLAN
SUPERVISORY ASSISTANT UNITED STATES ATTORNEY

/s/ Edward Chang
EDWARD CHANG
ASSISTANT UNITED STATES ATTORNEY